■ CYPRESS HILLS CEMETERY, Respondent, v. WERNER & ACKER CYPRESS HILLS FLORISTS, INC., Appellant.—In an action for judgment declaring no longer in force a certain agreement concerning maintenance of burial plots on plaintiff's cemetery, an arbitration award thereon, and a judgment confirming the award, defendant appeals from an order of the Supreme Court, Kings County, dated November 1, 1968, which granted plaintiff's motion to dismiss upon the merits the first and second affirmative defenses contained in defendant's answer to plaintiff's second amended complaint. Order affirmed, with $10 costs and disbursements. No opinion. Brennan, Acting P. J., Hopkins and Benjamin, JJ., concur; Martuscello, J., dissents and votes to reverse the order and to deny the motion, with the following memorandum: In my opinion, it was error to grant plaintiff's motion to strike out defendant's affirmative defense of res judicata. The essence of this defense as it relates to the instant action is predicated upon an extensive hearing before an arbitrator, the proceedings in the Supreme Court on motion to enter judgment on the arbitration award, and a prior appeal to this court. "A judgment entered upon such an award is res judicata of all matters reasonably comprehended in the dispute submitted to the arbitrators" (Matter of Springs Cotton Mills [Buster Boy Suit Co.], 275 App. Div. 196, 199). The majority has apparently assumed that the facts giving rise to plaintiff's cause of action all have arisen since the arbitration award, despite the absence of any such allegation in the amended complaint. The very proof plaintiff might offer in support of its complaint may have been tendered at the hearings ·before the arbitrator, which resulted in the granting of his award. Indeed, courts have generally been reluctant to strike out the affirmative defense of res judicata where there is an underlying judgment between the parties and ordinarily uphold such defense pending the development of evidence at trial (Public Operating Corp. v. Weingart, 266 App. Div. 723; Continental Ins. Co. v. Post, 271 App. Div. 811). The exact scope and effect of the judgment in the earlier action can best be determined on the trial of the facts. Furthermore, in view of the general denial of the material allegations in plaintiff's amended complaint, the granting of plaintiff's motion to strike out this affirmative defense will not summarily dispose of the issues in the instant action; and, therefore, there is no compelling reason to strike this defense. Likewise, it was error under the circumstances to strike out the affirmative defense of lack of capacity to sue. Kleinfeld, J., not voting.